IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CODY TYLER**                                                                                                      **PLAINTIFF**

V.                           CASE NO.  3:23-cv-00040 JM

**CINDY THYER, Circuit Judge,**
**Poinsett County;  CHARLES ROBERTS,**
**Public Defender, Poinsett County; DOES,**
**Poinsett County Court System**                                                         **DEFENDANTS**

### ORDER

Plaintiff Cody Tyler in custody at the Poinsett County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2).  He also filed an application for leave to proceed *in forma pauperis*. (Doc. 1). Because Tyler makes the showing required by 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED. His Complaint, however, will be dismissed for failure to state a claim on which relief may be granted.

**I.**     ***In Forma Pauperis* Application**

Because Tyler has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* (Doc. No. 1) is granted. An initial filing fee of $8.17 will be assessed. After payment of the initial filing fee, Tyler's custodian shall withdraw monthly payments in the amount of twenty percent of the preceding month's income credited to his account each time the account exceeds $10 until the statutory fee has been paid in full. 28 U.S.C. § 1915(b)(2). Tyler's custodian must send those payments to the Clerk until a total of $350 has been paid. The Clerk is directed to send a copy of this order to the Administrator of the Poinsett County Detention Center, 1500 Justice Dr., Harrisburg, Arkansas 72432. Payments are to be forwarded to the Clerk of the Court with Tyler's name and case number clearly identified.

## II. Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *Id. (*citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. Discussion

Tyler brought suit under 42 U.S.C. § 1983. (Doc. 2). He sues Circuit Judge Cindy Thyer, Public Defender Charles Roberts, and the Poinsett County Court System. (Doc. 2). Tyler says that, despite appearing on December 28, 2022, for court, his name was not called. (Doc. 2 at 4). He complains that "no one will tell [him] when [his] next court date" is set. (*Id.*). Tyler asks to be told when his court date will be reset.

Tyler's claims are dismissed against Judge Thyer because she is absolutely immune from suit for actions she took in her judicial role. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). And, nothing in the complaint establishes that Judge Thyer has acted outside of her judicial capacity or absent jurisdiction. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). Additionally, no constitutional claims exist against Roberts because public defenders do not act "under color of state law within the meaning of § 1983." *Polk County v. Dodson*, 545 U.S. 312, 321 (1981). Finally, the Poinsett County Court System is not an entity that can be sued. *Harris v. Missouri Court of Appeals, Western District*, 787 F.2d 427, 429 (8th Cir. 1986).

**IV.	Conclusion**

Tyler's complaint is dismissed without prejudice. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

IT IS SO ORDERED this 14th day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE